UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDGAR MIGUEL QUINTANILLA,

Petitioner,

v.

JULIO HERNANDEZ, et al.,

Respondents.

Case No. 2:26-cv-01629-TMC

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

## I.   INTRODUCTION AND BACKGROUND

Petitioner Edgar Miguel Quintanilla is a 26-year-old citizen of El Salvador[1] who first entered the United States as an unaccompanied minor approximately 10 years ago. Dkt. 9 ¶ 4. He was apprehended by Border Patrol agents and because he was an unaccompanied minor, Petitioner was transferred to the custody of the Office of Refugee Resettlement ("ORR") and placed in removal proceedings. *Id*. ¶¶ 5, 7. Shortly thereafter, Petitioner lived temporarily with a family member in Georgia but after being convicted of criminal trespass, he was transferred back into an ORR facility. *Id*. ¶ 8; Dkt. 1 ¶ 50. Shortly before turning 18, on May 5, 2017, Petitioner

---

[1] The Court notes that Petitioner states that he is a citizen of Mexico (Dkt. 1 ¶ 15) but the Respondents state he is a citizen of El Salvador (Dkt. 7 at 4; Dkt. 8-3 at 2). The Court need not resolve this conflict as the distinction, while important, is not legally relevant here.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

ran away from the ORR facility. Dkt. 9 ¶ 13. On March 21, 2018, while living in Oregon, Petitioner was arrested for disorderly conduct, but apparently was never convicted. *Id*. ¶ 15. After this arrest, immigration officers released Petitioner on his own recognizance with reporting requirements (an "OREC" order). *Id*. ¶ 16.

On May 3, 2024, Petitioner pled guilty to Driving Under the Influence and entered a diversion program. On February 6, 2025, Petitioner was enrolled in a program called "Alternatives to Detention" ("ATD"), that included location monitoring. *Id*. ¶ 21. Between February and September 2025, Petitioner apparently failed four times to call in after his location-monitoring device was triggered. *Id*. On October 9, 2025, Petitioner was not at home during a scheduled home visit. *Id*. ¶ 22. Later that same day, immigration officials revoked Petitioner's OREC, took him into custody, and transported him to Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, where he remains detained. *Id*. ¶ 23.

On November 25, 2025, Petitioner had a bond hearing before an Immigration Judge ("IJ"). Dkt. 1-2 at 14. The IJ denied bond and recorded the decision on a form that allowed him to indicate the basis of the decision by checking boxes. *Id*. The IJ checked boxes indicating (1) that he lacked jurisdiction because Petitioner was mandatorily detained under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025); and (2) in the alternative, if jurisdiction existed, that Petitioner had failed to show he was not a danger to the community or a flight risk. *Id*. The IJ added as a reason: "In the court's view, Respondent is an extreme flight risk and no amount of bond or condition of parole would ensure Respondent's presence at future hearings in his removal case." *Id*. On December 17, 2025, Petitioner filed an appeal of the bond denial to the Board of Immigration Appeals ("BIA"). Dkt. 10 at 9. The BIA has yet to issue a decision. *Id*. On May 19, 2026, the IJ denied Petitioner's application for relief from removal and ordered him removed to El Salvador. Dkt. 9 ¶ 31.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2

On January 5, 2026, Petitioner, unrepresented by counsel, filed a petition for writ of habeas corpus. Dkt. 1-3. On March 5, 2026, Judge Ricardo S. Martinez denied the petition because the IJ's finding of flight risk "supplies a lawful basis for his detention" and "Petitioner [had not] demonstrate[d] separate legal error invalidating that decision." *Id*. at 3.

On May 13, 2026, Petitioner filed another petition for a writ of habeas corpus, this time represented by counsel. Dkt. 1. On May 28, Respondents filed a return to the habeas petition. Dkt. 7. On June 2, Petitioner filed a traverse. Dkt. 10. The habeas petition is now ready for review. For the reasons set forth below, the Court DENIES the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

The question at the heart of this petition is whether the IJ's decision denying bond was an abuse of discretion and Petitioner is entitled to release. Respondents raise several issues that potentially would bar the Court from considering that underlying question, namely that: (1) Petitioner is detained mandatorily under 8 U.S.C. § 1225(b); (2) the petition should be dismissed as successive; and (3) Petitioner should be required to exhaust his administrative remedies, i.e., wait until the BIA has decided his appeal before he may challenge the IJ's denial of bond. Dkt. 7 at 7–15. Finally, Respondents argue that even if Petitioner clears these hurdles, the IJ's decision was not an abuse of discretion. *Id*. at 15. The Court addresses each in turn.[2]

---

[2] Petitioner raises a new issue in his traverse that was not presented in his petition and therefore not addressed by Respondents in their return: He argues that in arresting and detaining him

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 3

## III.    DISCUSSION

### A.    Petitioner is detained under 8 U.S.C. § 1226(a).

As an initial matter, the Court addresses whether Petitioner is detained mandatorily under 8 U.S.C. § 1225(b)(2), as found by the IJ who presided over Petitioner's bond hearing and as argued by Respondents, or under 8 U.S.C. § 1226(a) which allows an IJ to exercise discretion and release certain detainees pending immigration proceedings. *See Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025).

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez,* 802 F. Supp. 3d at 1336. The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Petitioner argues that his mandatory detention under § 1225(b)(2) is unlawful because he is a member of the Bond Denial Class. Dkt. 1 ¶¶ 24–39. Respondents argue that because

---

without a prior hearing on October 9, 2025, ICE violated his rights under the Due Process Clause of the Constitution. Dkt. 10 at 4–6. The Court declines to address an argument raised for the first time in a traverse. However, the Court notes that it considered a similar argument in *Caglar v. Wamsley*, Case No. 26-cv-00787-TMC, 2026 WL 1123515 (W.D. Wash. April 24, 2026) and concluded that when a noncitizen released on bond poses a threat to public safety, due process may be satisfied with a post-arrest hearing. 2026 WL 1123515 at *4. ("[D]ue process protections do not always require a hearing *prior* to arrest.") (emphasis added). *Id.*

Petitioner was apprehended when he first entered the United States, he is not a member of the class under *Rodriguez Vazquez*. Dkt. 7 at 3–4.

The Court acknowledges that because he was apprehended at the border, Petitioner does not meet the criteria to be a member of the Bond Denial Class. However, the Court has found similarly situated noncitizens to qualify as being detained under § 1226(a) instead of under § 1225(b)(2). For example, in *Del Valle Castillo v. Wamsley*, Case No. 2:25-cv-02054-TMC, 2025 WL 3524932 (W.D. Wash. Nov. 26, 2025), this Court observed: "[T]he fact that Petitioners are not Bond Denial Class members does not prevent them from seeking habeas relief on similar legal grounds. . . . [E]ven though Petitioners were apprehended on arrival, their individual factual circumstances demonstrate that they are currently subject to detention under § 1226(a)." *Id*. at *5. The lead petitioner in *Del Valle Castillo*—Angel Romulo Del Valle Castillo—and Petitioner here share a similar history: both entered the country as minors, were apprehended, released, and later detained. *Id*. at *6. By releasing them, the government treated Castillo and Petitioner as being subject to discretionary detention under § 1226(a), not mandatory detention under § 1225(b)(2). *Id*. Due to this factual similarity, the Court concludes that ICE is detaining Petitioner under authority of § 1226(a), and Petitioner is therefore eligible to be released on bond.

**B.      The Petition is not an abuse of the writ.**

Respondents next argue that the petition should be dismissed because it is Petitioner's second habeas petition and therefore constitutes an abuse of the writ. Dkt. 7 at 8–9. The Court disagrees. First, the Court notes the general bar against successive habeas petitions set forth in 28 U.S.C. § 2244 does not apply to a petition such as this one that is filed under § 2241. *See Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) ("§ 2244(a) bars successive petitions seeking review of the propriety of a detention pursuant to a judgment of a court of the United

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 5

States[,] and individuals . . . in custody pending the outcome of their immigration proceedings are not detained pursuant to a judgment of a court of the United States.") (internal quotation marks omitted).

Rather than a hard-and-fast rule such as the one prescribed by § 2244, courts in the immigration context are guided primarily by whether a petitioner can "show cause for failing to raise" a claim in a prior petition. *See McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Here, because English is not Petitioner's native language and he filed his previous petition without aid of a lawyer, the Court finds that cause exists for his failure to raise in his first petition the claims he raises here. Accordingly, it is not abuse of the writ for him to file a second habeas petition and the Court will consider it.

**C.      Petitioner is not required to exhaust his administrative remedies.**

Ordinarily, before turning to federal court, a litigant must first pursue all options available through the appropriate administrative agency. *See, e.g., Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Respondents argue that Petitioner has failed to exhaust his administrative remedies because his appeal of the IJ's denial of bond to the BIA is still pending. Dkt. 7 at 9–10. Petitioner contends that the Court should waive any exhaustion requirement for several reasons, but most convincingly, because exhaustion would be futile. Dkt. 10 at 9. *See Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

In a habeas proceeding, "[t]he exhaustion requirement is prudential, rather than jurisdictional." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). To determine whether a petitioner must exhaust his administrative remedies, a court typically applies three factors set forth in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007): "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3)

administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Id*.

But even if the *Puga* factors weigh in favor of exhaustion, several exceptions permit a court to waive the requirement: Exhaustion may be excused "where administrative remedies are inadequate or not efficacious, *pursuit of administrative remedies would be a futile gesture*, irreparable injury will result, or the administrative proceedings would be void," *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 n.4 (9th Cir. 1981) (emphasis added); *see also Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021) ("[W]here the agency's position appears already set and recourse to administrative remedies is very likely futile, exhaustion is not required." (citation modified)).

Here, the Court need not go through the exercise of applying the *Puga* factors because even if they weighed in favor of exhaustion, requiring Petitioner to wait until his appeal to the BIA is resolved would unreasonably prolong his detention and likely prove futile. Petitioner filed his appeal with the BIA on December 17, 2025, and no decision has issued. Dkt. 10 at 9. Numerous federal courts across the country, including in this district, have found that an appeal to the BIA of the jurisdictional issue that was the primary basis here for the denial of bond is futile, because the BIA continues to adhere to the position it adopted in *Matter of Hurtado*. *See, e.g., Segura Serrano, v. Scott, et al.*, Case No. 2:26-CV-01268-LK, 2026 WL 1469639, at *3–4 (W.D. Wash. May 26, 2026); *see also Jacobo Ramirez v. Noem*, 817 F. Supp. 3d 1037, 1050 (D. Nev. 2025) (finding exhaustion futile because the BIA would uphold the petitioner's bond pursuant to *Hurtado*).

Accordingly, the Court finds that Petitioner need not exhaust his administrative remedies because to do so would be futile. His challenge to the IJ's bond denial can proceed here.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 7

**D.      The IJ's denial of bond was not an abuse of discretion.**

Having decided that (1) Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a); (2) this petition is not barred as an abuse of the writ; and (3) Petitioner is not required to exhaust his administrative remedies, the Court now turns to the November 25, 2025 bond hearing that Petitioner challenges as a violation of his due process rights under the Constitution. Dkt. 1-2 at 14. As mentioned, the IJ concluded the bond hearing by checking boxes that indicated two bases for his decision: first, that he lacked jurisdiction because Petitioner was mandatorily detained under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), and second, if jurisdiction existed, Petitioner had failed to show he was not a danger to the community or a flight risk. *Id*.

Petitioner argues that this decision was an abuse of discretion by the IJ and violated his constitutional right to due process. The Court's review of a bond determination by an IJ is limited. While factual questions are unreviewable, a district court may, when presented with a challenge through a habeas petition, review the IJ's application of a legal standard—such as dangerousness or risk of flight—to determine "whether an IJ correctly applied the [legal] standard to a given set of facts." *Martinez v. Clark*, 124 F.4th 775, 781–82 (9th Cir. 2024) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)). While a court may not review underlying factual determinations such as "credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides," it may review mixed questions of law and fact, "even when [they] are primarily factual[.]" *Id*. at 782–84 (quoting *Wilkinson*, 601 U.S. at 225).

Here, the evidence in the record supports the IJ's conclusion that Petitioner posed a flight risk or a danger to the community. The IJ explained that he found: "Respondent is an extreme flight risk and no amount of bond or condition of parole would ensure Respondent's presence at

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 8

future hearings in his removal case." Dkt. 1-2 at 14. Judge Martinez, in denying Petitioner's prior habeas petition, summarized Petitioner's criminal history as follows:

> On May 5, 2017, Petitioner ran away from the ORR facility, then was arrested for disorderly conduct in Portland, Oregon, on March 21, 2018. . . . On April 21, 2021, Petitioner was convicted of criminal trespassing and sentenced to 30 days in jail. On August 8, 2023, he was arrested for driving under the influence and reckless driving. On May 9, 2025, Petitioner was cited for driving without an interlock device, license, registration, and insurance and for speeding.

*Quintanilla v. ICE*, Case No. 26-cv-041-RSM, 2026 WL 621423 at *1 (W.D. Wash. March 5, 2026).

In addition, between February and September 2025, Petitioner's location-monitoring device was triggered four times but Petitioner did not follow up with the required call. Dkt. 9 ¶ 21. And finally, he was not home for a scheduled visit on October 9, 2025, which led to his OREC being revoked and his current detention. *Id*. ¶¶ 22–23.

While a paper record such as this does not always tell the full story, it is enough to support the IJ's decision under the deferential standard of review that guides this Court. When reviewing an IJ's bond decision for abuse of discretion, the Court "cannot reweigh evidence," but instead can only determine whether the immigration judge "applied the correct legal standard." *Martinez*, 124 F.4th at 785 (citation modified).  On this record, the Court cannot say that the IJ abused his discretion in denying Petitioner bond based on finding him to be a flight risk. Accordingly, petitioner is not entitled to habeas relief.

## IV.     CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.     The petition for writ of habeas corpus (Dkt. 1) is DENIED.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 9

Dated this 25th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 10